NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| DARIUS INGRAM, | : | Civil No. 03-2850 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> DARIUS INGRAM, #620846B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner pro se
>
> JENNIFER L. BENTZEL, Assistant Prosecutor
> BURLINGTON COUNTY PROSECUTOR
> 49 Rancocas Road
> Mt. Holly, New Jersey  08060
> Attorneys for Respondents

**KUGLER**, District Judge

Darius Ingram filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a).  Respondents filed an Answer, arguing, inter alia, that the Petition should be dismissed

as unexhausted and on the merits.  Petitioner filed a Traverse.  For the reasons expressed below,

the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.

See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on July 18, 1997, in the Superior Court of New Jersey, Law Division, Burlington County, after a jury convicted him of conspiracy, first degree robbery, and second degree eluding arrest.  The Law Division merged the conspiracy conviction into the robbery conviction, and sentenced Petitioner as a persistent offender to life imprisonment without parole on the robbery conviction and to a concurrent 10-year term for eluding.  Petitioner appealed, and in an opinion filed October 26, 1999, the Appellate Division of the Superior Court of New Jersey affirmed.  On February 29, 2000, the Supreme Court of New Jersey denied certification.

On March 14, 2000, Petitioner filed a petition for post conviction relief in the Law Division.  The Law Division denied relief in an order filed October 18, 2000.  Petitioner appealed, and on March 25, 2002, the Appellate Division affirmed the order denying post conviction relief.  The New Jersey Supreme Court denied certification on June 19, 2002.

Petitioner executed the Petition which is now before the Court on June 4, 2003.  The Clerk received it on June 6, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents six grounds.  The State filed an Answer seeking dismissal of the Petition as unexhausted and on the merits.[1]  Petitioner filed a Traverse and several letters in support of the Petition.

---

[1] The Court will deny the Petition on the merits pursuant to 28 U.S.C. § 2254(b)(2) because it does not present a colorable federal claim.  See Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997).

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to

entertain a habeas petition challenging a state conviction or sentence only where the inmate's

custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of
> a State court only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S.

62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d

152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial

proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v.

Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, §

2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner

preserved his claim before the state courts."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal

constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a

ground for relief.[2]  Nor may the Court recharacterize a ground asserted under state law into a

_____

[2] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition
raised claim that the police had elicited petitioner's statements without satisfying Miranda, the
district court erred when it "went beyond the habeas petition and found the statements
[petitioner] made after receiving the Miranda warnings to be involuntary under due process
criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground
(continued...)

federal constitutional claim.[3]  "[E]rrors of state law cannot be repackaged as federal errors simply

by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

Moreover, "it is well established that a state court's misapplication of its own law does not

generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)

(citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71,

73 (3d Cir. 1985).

A district court must give deference to determinations of state courts.  Duncan v. Morton,

256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87,

90 (3d Cir. 1996).  Where a federal claim was "adjudicated on the merits" [4] in state court

proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal Law, as
> determined by the Supreme Court of the United States; or

---

[2](...continued)
asserting the ineffective assistance of counsel during plea negotiations and trial, court is not
permitted to  consider ground, evident from the facts but not raised in the petition, that appellate
counsel was ineffective by failing to advise petitioner that he faced a longer sentence by
appealing the conviction).

[3] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the
correctness of the self-defense instructions under state law, their petitions alleged no deprivation
of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10
(3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony
violated his rights under state law, federal court may not consider ground, not set forth in the
petition, that exclusion of the testimony violated his federal due process rights).

[4] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving
the parties' claims, with res judicata effect, that is based on the substance of the claim advanced,
rather than on a procedural, or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir.
2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render
an adjudication or decision on the merits of a federal claim by rejecting the claim without any
discussion whatsoever.  Rompilla, 355 F.3d at 247.

>           (2) resulted in a decision that was based on an unreasonable
>           determination of the facts in light of the evidence presented in the
>           State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the

governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are

materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a

[different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v.

Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if

the state court identifies the correct governing legal principle from th[e Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams,

529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be

judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See

Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law

"refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the

governing legal principle or principles set forth by the Supreme Court at the time the state court

renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Instructions

In Ground One, Petitioner asserts that the instructions failed to adequately explain the elements of first degree robbery.  Specifically, Petitioner asserts:

> Ground One:  INADEQUATE JURY INSTRUCTION ON FIRST DEGREE ROBBERY, WHICH FAILED TO EXPLAIN THE INVOLVEMENT OF A DEADLY WEAPON WITH REFERENCE TO THE FACTS OF THE CASE, DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.  U.S. CONST. AMEND. XIV.

(Pet. ¶ 12.A.)  The government argues that Ground One involves state law and does not implicate the Constitution and, to the extent that it raises a constitutional claim, due process does not require the claimed instructions.

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions . . . must include particular provisions," or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it"  Id.[5]  Petitioner is not entitled to habeas relief under Ground One because due process does not require the instructions to explain the elements of robbery with reference to the facts of the case.

---

[5] See also Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir. 1992).

B.  Eligibility for Extended Sentence

Petitioner contends in Ground Two that he was not a persistent offender under New

Jersey Persistent Offender Accountability Act, N.J. Stat. Ann. § 2C:43-7.1A.  Specifically, he

asserts:

> BECAUSE DEFENDANT'S TWO PRIOR ROBBERY
> OFFENSES RESULTED IN ONLY A SINGLE PERIOD OF
> INCARCERATION, DEFENDANT WAS NOT ELIGIBLE FOR
> SENTENCING UNDER THE "THREE STRIKES LAW" AND
> THE IMPOSITION OF AN EXTENDED LIFE TERM WITHOUT
> PAROLE VIOLATED HIS RIGHT TO DUE PROCESS AND
> EQUAL PROTECTION OF LAW.  U.S. CONST. AMEND. XIV.

(Pet. ¶ 12.B.)

Petitioner argues that, because he was sentenced to concurrent terms for the first two

robberies, which he committed on March 14, 1990, and November 2, 1990, and the second

robbery was committed while the first was pending sentencing, the two prior robberies should

have been considered as one robbery, thereby rendering him statutorily ineligible for sentencing

as a persistent offender.  "[T]he court may impose . . . whatever punishment is authorized by

statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the

penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the

Fifth Amendment."  Chapman v. United States, 500 U.S. 453, 465 (1991); see also Wainwright

v. Goode, 464 U.S. 78 (1983).  Petitioner is not entitled to habeas relief on Ground Two because

Petitioner's statutory eligibility for sentencing as a persistent offender is a question of state law.

C.  Eighth Amendment

In Ground Three, Petitioner asserts:

7

> THE MANDATORY EXTENDED TERM SENTENCE OF LIFE
> WITHOUT PAROLE IMPOSED UNDER NEW JERSEY'S
> "THREE STRIKES" LAW, N.J.S.A. 2C:43-7.1a, CONSTITUTED
> CRUEL AND UNUSUAL PUNISHMENT.  U.S. CONST.
> AMEND. VIII, XIV.

(Pet. ¶ 12.C.)

Petitioner argues in Ground Three that the mandatory term of life imprisonment without

parole, imposed under the Persistent Offender Act for Petitioner's third robbery conviction, was

contrary to or an unreasonable application of clearly established Eighth Amendment

jurisprudence, as determined by the Supreme Court.  This argument fails, however, because the

Supreme Court rejected the claim in Lockyer v. Andrade, 538 U.S. 63 (2003):

> The gross disproportionality principle reserves a constitutional
> violation for only the extraordinary case.  In applying this principle
> for § 2254(d)((1) purposes, it was not an unreasonable application
> of our clearly established law for the California Court of Appeal to
> affirm Andrade's sentence of two consecutive terms of 25 years to
> life in prison.

Id. at 77.

Petitioner is not entitled to habeas relief on Ground Three because the imposition of a life

sentence without parole for a third robbery conviction was not contrary to or an unreasonable

application of clearly established Eighth Amendment law, as determined in Lockyer.

D.  Challenge to Prior Conviction

In Ground Four, Petitioner contends that the attorney assigned to represent him in his

1990 robbery charges was constitutionally ineffective for failing to seek consolidation of the two

robbery indictments.  Specifically, he asserts:

> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF
> COUNSEL BY HIS PREVIOUS TRIAL ATTORNEY IN ESSEX

> COUNTY WHEN HE FAILED TO MOVE TO CONSOLIDATE
> THE TWO ROBBERY INDICTMENTS THAT WERE
> PENDING SO THAT THE DEFENDANT WOULD HAVE HAD
> ONE CONVICTION FOR ROBBERY AND THEREBY
> MAKING THE THREE STRIKES LAW INAPPLICABLE TO
> THIS CASE.

(Pet. ¶ 12.D.)

In Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna County Dist. Attorney

v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed whether a prisoner may challenge a

current sentence under § 2254 (Coss) or § 2255 (Daniels) on the ground that a prior state

conviction used to enhance the current sentence was unconstitutionally obtained.  The Supreme

Court held that

> once a state conviction is no longer open to direct or collateral
> attack in its own right because the defendant failed to pursue those
> remedies while they were available (or because the defendant did
> so unsuccessfully), the conviction may be regarded as conclusively
> valid.  If that conviction is later used to enhance a criminal
> sentence, the defendant generally may not challenge the enhanced
> sentence through a petition . . . on the ground that the prior
> conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403 (citation omitted).

The Supreme Court recognized one exception to this rule.  "When an otherwise qualified

. . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior

conviction that was obtained where there was a failure to appoint counsel in violation of the

Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate."  Coss, 532

U.S. at 404.[6]

_____

[6] Three justices in the 5/4 Coss majority would also permit a challenge to the underlying
expired conviction in situations where "a habeas petition directed at the enhanced sentence may
(continued...)

9

In this case, Petitioner can no longer challenge the Essex County convictions under 28

U.S.C. § 2254, as he is no longer in custody on those convictions.  Coss, 532 U.S. at 401 (citing

Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam)).  The logic of Daniels and Coss

necessarily precludes Petitioner's challenge to his expired convictions.  As in Daniels and Coss,

Petitioner seeks to challenge his current custody by collaterally attacking the prior convictions

because a challenge to those convictions under § 2254 is no longer available.  Under Daniels and

Coss, this he may not do, except in extremely limited circumstances not applicable here.  As the

Supreme Court observed in Daniels, 532 U.S. at 381,

> Our system affords a defendant convicted in state court numerous
> opportunities to challenge the constitutionality of his conviction.
> He may raise constitutional claims on direct appeal, in
> postconviction proceedings available under state law, and in a
> petition for a writ of habeas corpus brought pursuant to 28 U.S.C. §
> 2254 (1994 ed. and Supp. V).  These vehicles for review, however,
> are not available indefinitely and without limitation.

Id.

Neither of the potential exceptions outlined in Daniels and Coss applies to Petitioner.

Under these circumstances, the state courts' reliance on the two prior convictions was not

contrary to or an unreasonable application of Coss and Daniels.

E.  Ineffective Assistance of Counsel

In Ground Five, Petitioner argues that counsel was constitutionally ineffective in failing

to argue that the Persistent Offender Act did not apply.  Specifically, he asserts:

> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF
> TRIAL COUNSEL AND APPELLATE COUNSEL WHEN

---

[6](...continued)
effectively be the first and only forum available for review of the prior conviction."  Id. at 406.

> NEITHER ATTORNEY ARGUED THAT DEFENDANT HAD
> ONLY ONE PRIOR FIRST DEGREE ROBBERY CONVICTION
> AND ONE SECOND DEGREE ROBBERY CONVICTION AND
> THEREBY MAKING N.J.S.A. 2C:43-7.1a INAPPLICABLE TO
> THIS CASE.

(Pet. ¶ 12.E.)

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

As previously stated, the applicability of the Persistent Offender Act to Petitioner is a question of state law. The New Jersey courts determined that Petitioner was a persistent offender subject to a mandatory life sentence without parole. Under these circumstances, Petitioner's attorney could not have been constitutionally deficient for failing to argue that Petitioner was not a persistent offender. Cf. Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Bound by the state court's determination that the instruction at issue comported with state law, it is evident that

11

Priester cannot satisfy the first component of a viable ineffective assistance of counsel claim -

that counsel's performance was deficient").

F.  Hearing Pursuant to New Jersey Law

Petitioner argues in Ground Six, that the sentencing judge failed to comply with the

procedural requirements contained in N.J. Stat. Ann. § 2C:43-7.1d.  Specifically, he asserts:

> DEFENDANT'S LIFE SENTENCE WITHOUT PAROLE
> SHOULD BE VACATED BECAUSE THIS SENTENCE WAS
> IMPOSED WITHOUT AFFORDING THE DEFENDANT A
> HEARING AS REQUIRED BY N.J.S.A. 2C:43-7.1d.

(Pet. ¶ 12.F.)

Petitioner is not entitled to habeas relief under Ground Six because the procedural

requirements for sentencing under New Jersey law are not constitutional questions.  "Federal

courts hold no supervisory authority over state judicial proceedings and may intervene only to

correct wrongs of constitutional dimension."  Smith, 455 U.S. at 221.  "If a state prisoner alleges

no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. at 120

n.19.

G.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a

substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See

Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to

issue a certificate of appealability under 28 U.S.C. § 2253(c).


s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.


DATED:     October 25     , 2005

13